UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

| | |
|---|---|
| WILLIAM J. MALLEN and STEVEN H. MALLEN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BOSTON/BOSTON PUBLIC SCHOOLS and ANTHONY POMELLA, <br><br> Defendants. | Civil Action No.: 2005 FEB -7 A 11: 13 <br><br> U.S. DISTRICT COURT <br> DISTRICT OF MASS. <br><br> NOTICE OF REMOVAL <br><br> 05 CV 10243 RGS |

TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RECEIPT # _____
AMOUNT $ 250.00
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. M.P.
DATE 2/7/05

Defendants, the city of Boston/Boston Public Schools, and Anthony Pomella[1], are Defendants in the civil action brought on December 13, 2004, in the Superior Court of Massachusetts, Suffolk County. Pursuant to the provisions of Sections 1441 and 1446 of Title 28 of the United States Code, Defendant[2], the city of Boston/Boston Public Schools, removes this action to the United States District Court for the District of Massachusetts, which is the judicial district in which the action is pending. Grounds for removal of this action are:

1.  On December 13, 2004, Plaintiffs filed a complaint in the Superior Court of Massachusetts, Suffolk County, Docket Number: 04-5403F;

---

[1] Defendant, Anthony Pomella, appears to be named individually in this action; however, Mr. Pomella has not yet been served as an individual defendant in this action. Attorney Robyn Andrea Porter, therefore, appears in this matter generally on behalf of Defendant, the city of Boston/Boston Public Schools, and appears on behalf of Defendant, Anthony Pomella, individually, for the limited purpose of assenting to removal of this action to federal court. Defendant, Anthony Pomella specifically reserves his right to challenge service upon him as an individually named defendant in this action.

[2] Defendant, Anthony Pomella, as an individual Defendant, appears for the limited purpose of assenting to removal. Defendant, Anthony Pomella specifically reserves his right to challenge service upon him as an individually named defendant in this action.

2. Plaintiffs' complaint is a civil action that arises under the provisions of 5 U.S.C. §2302(b)(8). Specifically, Plaintiffs' complaint alleges that Defendants took adverse actions against Plaintiffs, as employees, because Plaintiffs refused to approve certain work done by third party independent contractors regarding fire safety equipment. Thus, the basis of Plaintiffs' claim is federal law.

3. Removal of this action from the Superior Court of Massachusetts, Suffolk County to this Court is, therefore, proper under Section 1441(a) of Title 28 of the United Stated Code, because this Court would have original jurisdiction of the action under Section 1331 of Title 28 had the action been initially filed in this Court.

4. The state law claims asserted by Plaintiffs do not deprive this Court of jurisdiction because all of Plaintiffs' claims arise from the same set of facts and circumstances so that, even if brought in federal court, the federal court would have supplemental jurisdiction over them under Section 1367(a) of Title 28.

5. This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because Plaintiffs' complaint in this action was filed on December 13, 2004, and was served upon Defendant, the city of Boston/Boston Public Schools, on January 18, 2005, and therefore, this Notice of Removal is filed within thirty (30) days of receipt of the Complaint and within one (1) year of commencement of the action.

6. All state-court papers served on Defendant, the city of Boston/Boston Public Schools, at the time of removal are:

    a. Summons;

    b. Tracking Order; and

    c. Complaint and Demand for Jury Trial,

and copies of these documents are attached herewith.

Dated: February 7, 2005

Respectfully Submitted,

Defendant[3],

The city of Boston/Boston Public Schools,

By Its Attorney,

Merita Hopkins, Corporation Counsel

By: _____
Robyn Andrea Porter, BBO#629160
Assistant Corporation Counsel
Office of Legal Advisor
Boston Public Schools
26 Court Street, 7th Floor
Boston, MA 02108
(617) 635-9320

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served upon Attorney for Plaintiffs, James F. Champa, Esq., One McKinley Square, 6th FL, Boston, MA 02109 by U.S. Mail on February 7, 2005.

_____
Robyn Andrea Porter

---

[3] See Footnote 1, *supra*.

# Commonwealth of Massachusetts

SUFFOLK, ss.



RECEIVED
2005 JAN 18 PM 4: 58
OFFICE OF
LEGAL ADVISOR

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-5403F

William J. Mallen & Steven H. Mallen, Plaintiff(s)

v.

City of Boston/
Boston Public Schools & Anthony Pomella, Defendant(s)

**SUMMONS**

Any authorized Officer/Agent
City of Boston/Boston Public Schools
26 Court Street, Boston, MA  02108

To the above-named Defendant:

You are hereby summoned and required to serve upon  James F. Champa
CHAMPA & POWERS, P.A.
plaintiff's attorney, whose address is One McKinley Square, Boston  02109, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the ___14th___ day of ___January___, in the year of our Lord two thousand ___and Five___.

A true copy Attest:
1/18/05
Deputy Sheriff Suffolk County

Michael Joseph Donovan
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT  (2) MOTOR VEHICLE TORT  (3) CONTRACT  (4) EQUITABLE RELIEF  (5) OTHER

FORM CIV.P. 1 3rd Rev.

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET# SUCV2004-05403-F

RE: **Mallen et al v Boston Public Schools of City of Boston et al**

TO: James F Champa, Esquire
1 McKinley Sq
6th Floor
Boston, MA 02109-1814

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 03/13/2005 |
| Response to the complaint filed (also see MRCP 12) | 05/12/2005 |
| All motions under MRCP 12, 19, and 20 filed | 05/12/2005 |
| All motions under MRCP 15 filed | 05/12/2005 |
| All discovery requests and depositions completed | 10/09/2005 |
| All motions under MRCP 56 served and heard | 11/08/2005 |
| Final pre-trial conference held and firm trial date set | 12/08/2005 |
| Case disposed | 02/06/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session F sitting in **CtRm 2 - 12th fl., 90 Devonshire St., Boston at Suffolk Superior Court.**

Dated: 01/11/2005

Michael Joseph Donovan
Clerk of the Courts

BY: Martin J. Conley/Timothy Walsh
Assistant Clerk

Location: CtRm 2 - 12th fl., 90 Devonshire St., Boston
Telephone: 617-788-8131

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 2622800 inidoc01 mackhale

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPT.
Civil Action #

04-5403 F

STEVEN H. MALLEN, and
WILLIAM J. MALLEN
  Plaintiffs,

v.

CITY OF BOSTON/THE
BOSTON PUBLIC SCHOOLS
and ANTHONY POMELLA,
  Defendants.

COMPLAINT AND DEMAND
FOR JURY TRIAL

RECEIVED
DEC 13 2004
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

**INTRODUCTION**

1. The Plaintiffs, Steven H. Mallen and William J. Mallen (hereinafter "the Plaintiffs") are individuals residing in Massachusetts during the relevant time period, and respectfully submit this Complaint and Demand for Jury Trial. The Plaintiffs' allegations, as set forth herein, are asserted against the City of Boston/the Boston Public Schools and Anthony Pomella ("the Defendants"), for damages resulting from the Defendants' violations of state law. Venue for this action properly lies in Suffolk County. The Plaintiffs' allegations are for:

   a) Wrongful Termination/Retaliation;

   b) Violation of M.G.L. c. 149, §185;

   c) Violation of Federal Statute 5 U.S.C.A. §2302(b)(8);

   d) Tortious Assault of Steven H. Mallen by Anthony Pomella, individually;

   e) Intentional Infliction of Emotional Distress (including assault of Steven H. Mallen by Anthony Pomella, individually) and

   f) Negligent Infliction of Emotional Distress.

## FACTS AND BACKGROUND

2.  The Plaintiffs were employed for a number of years by the City of Boston/Boston Public School ("the City/BPS"). Both of the Plaintiffs are licensed electricians in the Commonwealth of Massachusetts ("the Commonwealth"). Their employment with the City/BPS consisted of the inspection, monitoring, testing, review and repair of all fire monitoring systems in each public school in Boston. Their job function ensured the safety of all of employees and children who attended the City/BPS.

3.  The Plaintiffs diligently performed their duties for a number of years without incident. Some time in 2003, William Mallen was confronted by his superiors because he would not sign off on (approve in writing) certain work that was newly installed by a contractor, in a new addition to one of the school buildings that required inspection. William Mallen, a man dedicated to perform his duties, refused to sign off on the work because it was not completely installed and failed to work properly. William Mallen insisted that the contractor correct the problems in order to pass the fire system.

4.  His superiors told him he was being difficult and this would not bode well with the City/BPS, as without his approval the school would not be in compliance with the fire safety code while it was open.

5.  William Mallen remained firm on his commitment to the safety of the children that might be at risk in a building with inadequate fire warnings and protection, and again refused to sign off on the fire safety equipment.

6.  Both William and Steven Mallen began to notice a pattern of conduct by the City/BPS in which it chose to ignore the Mallens' reports about incomplete installations by contracted parties and the system failures of the fire reporting systems at many of the Boston Public Schools.

-2-

7. It became apparent to the Plaintiffs that the City/BPS was willing to risk the safety of its students in order to remain open for business. The Plaintiffs continued to report incomplete equipment installations and each instance of fire system failure to their superiors, as it was their job.

8. At some point in 2003, William Mallen applied for the position of Chief Electrician in charge of fire safety inspection. Instead, the City/BPS promoted Steven Mallen over his older and more experienced brother Willam as Chief Electrician in charge of the inspection of fire safety equipment in the City/BPS. Steven had not inquired about or applied for the position of Chief Electrician. It was clear to the Plaintiffs that the promotion of the younger Mallen was an attempt by the superiors at the City/BPS to infuriate the older Mallen and encourage him to leave his employment.

9. On one specific occasion, when Steven Mallen refused to sign off on what he viewed as potentially unsafe work, Defendant Anthony Pomella ("Pomella"), a supervisor in the Facilities Management Department, threatened Steven Mallen. Pomella threw his hands up in the air and looked as if he was going to strike Steven Mallen and offer him violence. He invited Steven Mallen to engage in a physical confrontation. Steven Mallen was shocked by this event and was put in fear in immediate harm.

10. Thereafter, both the Mallens were fired from their employment. The basis for their firing was that they had allegedly approved overtime for certain subordinates who had not worked the hours that they were to be paid for. This was clearly a ruse to justify the discharge of the Mallens as neither Plaintiff had the duty or right based on their job title or description to approve or disapprove the overtime at issue.

## VIOLATIONS OF LAW

## COUNT I - WRONGFUL TERMINATION/RETALIATION

11. The Plaintiffs reassert Paragraphs 1 through 10 above and incorporate them herein by reference.

12. The City/BPS's acts, omissions, practices, and courses of conduct constituted Wrongful Termination/Retaliation of the employ of the Plaintiffs and, as an employer in the Commonwealth, the City/BPS is liable for wrongful termination when the discharge is in violation of well-established law and public policy.

13. In addition, the Plaintiffs' termination was, among other things, as a result of their assertion of legally protected rights which are protected pursuant to public policy as well as law established by the United States of America and the Commonwealth of Massachusetts.

14. As a direct and proximate cause of their wrongful termination by the City/BPS, the Plaintiffs suffered damages, including but not limited to loss of income, pension benefit and fringe benefits, loss of business and personal reputation, mental and emotional distress, and other financial losses and other damages, to their detriment.

## COUNT II - VIOLATION OF M.G.L. c. 149, §185

15. The Plaintiffs reassert Paragraphs 1 through 14 above and incorporate them herein by reference.

16. The City/BPS took retaliatory action against the Plaintiffs by terminating them, in violation of M.G.L. c. 149, §185, which states in (5)(b)(1) that an employee is protected if he or she discloses or threatens to disclose matters which he or she "reasonably believes poses a risk to public health, safety or the environment".

## COUNT III - VIOLATION OF FEDERAL STATUTE 5 U.S.C.A. §2302(b)(8)

17. The Plaintiffs reassert Paragraphs 1 through 16 above and incorporate them herein by reference.

18. Federal Statute 5 U.S.C.A. §2302(b)(8) states that "Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority

(8) take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee or applicant for employment because of:

(A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences

(i) a violation of any law, rule, or regulation, or

(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety".

The Plaintiffs refused to sign off on/approve, for safety or payment, certain fire safety equipment because they believed it was either, not completely installed, not properly installed or did not function as it was designed to and therefore it would constitute a substantial and specific danger to public health or safety, as the schools are public places.

## COUNT IV - TORTIOUS ASSAULT OF STEVEN H. MALLEN BY ANTHONY POMELLA, INDIVIDUALLY

19. The Plaintiffs reassert Paragraphs 1 through 18 above and incorporate them herein by reference.

20. That Pomella put Steven Mallen in fear of imminent physical harm by his words and his physical gestures toward Steven Mallen.

21. As a direct and proximate cause of Pomella's offer of violence, Plaintiff Steven Mallen has suffered damages, including but not limited to severe mental and emotional distress, with

physical manifestations thereof, loss of personal reputation, loss of future potential income and fringe benefits, and other injuries and damages, to his detriment.

### COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (INCLUDING THE ASSAULT OF STEVEN H. MALLEN BY ANTHONY POMELLA, INDIVIDUALLY)

22. The Plaintiffs reassert Paragraphs 1 through 21 above and incorporate them herein by reference.

23. The Defendants intended to inflict emotional distress upon the Plaintiffs, or they knew or should have known that emotional distress was the likely or foreseeable result of their actions, omissions, misrepresentations, practices and courses of conduct as described herein.

24. The Defendants' actions, omissions, misrepresentations, practices and courses of conduct, as described herein, were extreme and outrageous, were and have been beyond all possible bounds of decency, and were utterly intolerable in a civilized community.

25. The actions, omissions, misrepresentations, practices and courses of conduct of the Defendants were and have been the cause of the Plaintiffs' emotional distress.

26. The emotional distress sustained by the Plaintiffs was severe and of a nature that no reasonable person could be expected to endure it.

27. As a direct and proximate cause of the Defendants' intentional infliction of emotional distress, the Plaintiffs have suffered damages, including but not limited to severe mental and emotional distress, with physical manifestations thereof, loss of personal reputation, loss of future potential income and fringe benefits, and other injuries and damages, to their detriment.

### COUNT VI - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

28. The Plaintiffs reassert Paragraphs 1 through 27 above and incorporate them herein by reference.

29. The Defendants were negligent, reckless, and/or grossly negligent in their actions, omissions, practices and courses of conduct as described herein.

30. The Defendants knew or should have known that emotional distress was the likely or foreseeable result of their actions, omissions, practices and courses of conduct as described herein.

31. The actions, omissions, practices and courses of conduct of the Defendants were the cause of the Plaintiffs' emotional distress, with physical manifestations.

32. The emotional distress sustained by the Plaintiffs was of such a nature that a reasonable person would have suffered emotional distress under the same circumstances.

33. As a direct and proximate cause of the Defendants' negligent infliction of emotional distress, the Plaintiffs were caused to suffer general, special and consequential damages, including but not limited to emotional distress, with physical manifestations thereof, including but not limited to sleeplessness, and other physical symptoms, and suffered damages, including but not limited to loss of income and fringe benefits, mental and emotional distress, and other financial losses and other damages, injuries and losses, to their detriment.

## REQUESTS FOR RELIEF

WHEREFORE, the Plaintiffs request that this Honorable Court grant the following relief:

A) render judgment on behalf of the Plaintiffs, on all Counts, and issue findings of fact and rulings of law, as necessary and appropriate, that the Defendants herein are liable, in all respects;

B) order, decide, adjudge, and determine that the Defendants' liability is for all losses, injuries and damages, special, consequential, general, punitive and/or otherwise; and for all interest, costs, and reasonable attorneys fees, as alleged herein;

C) determine, order, find, rule, restrain and enjoin the Defendants, as necessary or appropriate, for the Defendants' violations of law, as this Honorable Court deems just and proper;

D) award the Plaintiffs punitive damages in an amount to be determined, as a proper sanction for punishing the illegal, and improper conduct of the Defendants and

E) any additional relief which this Honorable Court deems just and proper.

## THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE

Respectfully Submitted,
PLAINTIFFS, Steven H. and William J. Mallen,

By their Attorney,

James F. Champa, Esq.
CHAMPA & POWERS, P.A.
One McKinley Square, 6th Floor
Boston, MA 02109
BBO # 561160
(617) 523-1885

Dated: December 13, 2004

-8-

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
William J. Mallen
Steven A. Mallen

**DEFENDANTS** City of Boston, Boston Public Schools and Anthony Pomella

(b) County of Residence of First Listed Plaintiff: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

IN CLERKS OFFICE
2005 FEB -7 P 4:09
U.S. DISTRICT COURT
DISTRICT OF MASS

(c) Attorney's (Firm Name, Address, and Telephone Number): 617-523-1885
James F. Champa, Esq.
One McKinley Square, 6th FL, Boston, MA 02109

Attorneys (If Known): Merita Hopkins, Esq.

05 C 10243 RGS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
3 USC A 230 2(b)(8)

Brief description of cause: Wrongful Termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unknown

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: 2/7/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

1. Title of case (name of first party on each side only) **William J. Matlen v. City of Boston**

2005 FEB -7 P 4:09

U.S. DISTRICT COURT
DISTRICT OF MASS.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [x] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V.  150, 152, 153.

**05-10243 RGS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [x]

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]    NO [ ]

   A. If yes, in which division do **all** of the non-governmental parties reside?
      Eastern Division [x]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Merita Hopkins, Esq.**
ADDRESS **c/o Boston Public Schools, 26 Court St. 7th Fl, Boston, MA 02108**
TELEPHONE NO. **617-635-9320**

(Coversheetlocal.wpd - 10/17/02)