UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MALLEN and<br>STEVEN H. MALLEN,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON/BOSTON<br>PUBLIC SCHOOLS and<br>ANTHONY POMELLA,<br><br>    Defendants. | Civil Action No.: 05cv10243 RGS |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### BACKGROUND

In 2003 the Plaintiffs, William J. Mallen and Steven H. Mallen, were both employed by the Boston Public Schools ("BPS") as electricians. They have filed a Complaint allege the following violations: 1) wrongful termination/retaliation; 2) retaliation pursuant to M.G.L. c. 149, § 185 ("the state whistle blowers' statute"); 3) retaliation pursuant to 5 U.S.C. § 2302(b)(8) ("the federal whistle blowers' statute"); 4) tortious assault; 5) intentional infliction of emotional distress; and 6) negligent infliction of emotional distress. The Defendants deny that the Plaintiffs were wrongfully terminated or retaliated against, deny that BPS tortiously assaulted the Plaintiff, Steven H. Mallen, and deny that BPS did not negligently or intentionally inflict emotional distress.

The Defendants move to dismiss with prejudice Plaintiffs' Complaint claims pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a cause of action upon which relief can be granted. Dismissal of this action is proper because: the

Plaintiffs' claims pursuant to the state and federal whistle blowers statutes are barred; the Massachusetts Workers Compensation Act, G.L. c. 152, §1 *et seq.*, is the exclusive remedy for Plaintiffs' personal injuries resulting from alleged intentional and negligent infliction of emotional distress by Defendants; allegations of negligent infliction of emotional distress is barred by G.L. c. 258, §2 as an action for negligence against a public employee while acting within the scope of his employment; allegations of tortious assault and intentional infliction of emotional distress against the Defendants are barred by the doctrine of sovereign immunity; and arbitration is the exclusive procedure for resolving the Plaintiff's claims.

## DISCUSSION

I.  The Standard For Dismissal

The applicable standard for reviewing a Motion to Dismiss is whether the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 4-6 (1957); *O'Brien v. DiGrazia*, 544 F.2d 544, 546 (1st Cir. 1976). Even under those forgiving and liberal principles, the motion is meritorious by a wide margin. In considering a Motion to Dismiss, the Court is, moreover, obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. This "indulgence, however, does not require the Court to credit - indeed it requires the Court to reject - bald assertions, unsubstantiated conclusions or outright vituperation." See *Correa-Martinez v. Arrillaya-Belendez*, 903 F. 2d 49, 513-533 (1st Cir. 1990).

Rule 12(b)(6) of the Fed. R. Civ. P. allows the court to dismiss a complaint when it fails to state a claim upon which relief can be granted. *Sanfeliz v. Chase Manhattan Bank*, 349 F. Supp. 2d 240, 243 (2004). Under Rule 12(b)(6), the court must take the allegations of the complaint as true, and determine whether, under any theory, the allegations are sufficient to state

a cause of action in accordance with the law. *Brown v. Hot, Sexy and Safer Productions*, 68 F.3d 525, 530, (1st Cir. 1995). The court should not accept interpretations and unsupported conclusions of law, since the facts must be susceptible to any "objective verification". *Washington Legal Found, v. Massachusetts Bar Found.*, 993 F.2d 962 (1st Cir. 1993). According to this provision, the Court will base its determination solely on the material submitted as part of the complaint or central to it. *Fudge v. Penthouse Int'l Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988). Even assuming that the allegations Plaintiffs set forth in their Complaint are true,[1] Plaintiffs' claims for wrongful termination based on violations of state and federal whistle blower statutes are barred, Plaintiffs' claims for negligent infliction of emotional distress are barred by the Massachusetts Tort Claims Act ("MTCA"), M.G.L. c. 258, §2, and their claims for tortious assault and intentional infliction of emotional distress are barred by the doctrine of sovereign immunity, and.

The statutory bar to a common law claim under the Massachusetts Workers Compensation Act has historically been treated as a lack of subject matter jurisdiction. *Fusaro v. Blakely*, 40 Mass. App. Ct. 120, 123, 661 N.E.2d 1339 (1996); *O'Dea v. J.A.L., Inc.*, 30 Mass. App. Ct. 449, 451, n. 4, 569 N.E.2d 841 (1991); *Foley v. Polaroid Corp.*, 381 Mass. 545, 548, 413 N.E.2d 711 (1980). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Fed. R. Civ. P. 12(h)(3). Plaintiffs' tort claims for personal injuries of intentional or negligent infliction of emotion distress are barred under the Massachusetts Workers Compensation Act ("MWCA"), and therefore, the Court should dismiss with prejudice Counts V-VI of Plaintiffs' Complaint for lack of jurisdiction over the subject matter.

---

[1] Defendants dispute such facts for purposes other than the instant Motion to Dismiss.

II.  Plaintiffs' Claims For Retaliation And/Or Wrongful Termination Are Barred For Failure To State A Claims Upon Which Relief Can Be Granted

    A.  Plaintiffs' Claim Asserting Violations Of M.G.L. C. 149, § 185 Are Barred And, Therefore, Must Be Dismissed

Dismissal of the Plaintiffs' claim under the state whistle blowers statute is proper on the grounds that that the Plaintiffs are filed to satisfy all requirements under the statute necessary for protection thereunder.

Massachusetts General Laws c. 149, § 185, the state whistle blowers statute, gives an aggrieved employee a private right of action against his or her employer contingent on giving the employer "written notice" and "a reasonable opportunity to correct" the wrongdoing before the employee reports the activity to a "public body." M.G.L. c. 149, § 185 (c)(1) and (d). According to this requirement, "the protection against retaliatory action . . . shall not apply to an employee who makes a disclosure to a public body unless the employee has brought the [allegedly illegal or corrupt] activity . . . to the attention of a supervisor . . . by written notice and has afforded the employer a reasonable opportunity to correct the activity." *Bennett v. City of Holyoke*, 362 F.3d 1, 6 (1st Cir., 2004) citing M.G.L. c. 149, § 185(c)(1). The requirement of written notice and an opportunity to correct is imposed where the disclosure is to an outside public body. *Dirrane v. Brookline Police Dep't*, 315 F.3d 65, 73 (1st Cir., 2002). Since filing a suit constitutes disclosure to a public body, a prospective whistleblower plaintiff must give written notice of the alleged wrongdoing to the employer before filing a civil action.[2] *Id.* at 73.

In the *Dirrance* case, the plaintiff's claims were barred because he reported the allegedly illegal or corrupt conduct to supervisors in his department but never gave written notice. Id. The Court held that the statute is unqualified in its requirement of written notice which gives the

---

[2] Under the literal language of the statute, the town is correct; the statute defines "public bodies" to include "any federal, state, or local judiciary." Dirrane v. Brookline Police Dep't, 315 F.3d 65, 73 (1st Cir., 2002) citing M.G.L. c. 149, § 185(a)(3).

4

employer one last chance to correct wrongdoing before the employee goes public with his accusations. Id. Similarly in this case, the Plaintiffs claims under M.G.L. c. 149, § 185 are barred as they failed to satisfy the statutory requirement of giving the defendant employer written notice of any wrongdoing. The facts set forth in the Plaintiffs' Complaint, if taken as true, make no mention of written notice provided under this statute. An employee's protection under the state whistle blowers' state is contingent upon giving such notice. See M.G.L. c. 149, § 185 (c)(1). As the Plaintiffs failed to do so, their claim is barred and must be dismissed.

    B.    <u>Plaintiffs' Claim Asserting Violations Of 5 U.S.C. § 2302(B)(8) Are Barred And, Therefore, Must Be Dismissed</u>

Dismissal of the Plaintiffs' claim under the federal whistle blowers statute is proper on the grounds that that the Plaintiffs did not engage in protected activity under the statute. To maintain a claim of retaliation under the Whistleblower Protection Act, an employee must establish (1) that he engaged in a whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8); and (2) based on the protected disclosure, the employer took or failed to take a personnel action as defined by 5 U.S.C. § 2302(a). *Hooven-Lewis v. Caldera*, 249 F.3d 259, 276 (4th Cir., 2001). A "protected disclosure" is:

> any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8).

This disclosure must evidence an intent to raise an issue with a higher authority who is in a position to correct the alleged wrongdoing. Hooven-Lewis v. Caldera, 249 F.3d at 276 citing Willis, Willis v. Dept. of Agriculture, 141 F.3d 1139, 1143 (Fed. Cir. 1998) and *Carr v. Social Sec. Admin.*, 185 F.3d 1318, 1326 (Fed. Cir. 1999). Criticism directed at the wrongdoer herself is not whistleblowing. *Id.* at 276; see also *Willis v. Department of Agric.*, 141 F.3d 1139, 1143

5

(Fed. Cir., 1998) and *Horton v. Department of Transp.*, 66 F.3d 279, 282 (Fed. Cir. 1995). Complaints to supervisors are not disclosures of the type the Whistleblower Protection Act was designed to encourage and protect. *Willis*, 141 F.3d at 1143. Discussion and even disagreement with supervisors over job-related activities is a normal part of most occupations. *Id.* It is entirely ordinary for an employee to fairly and reasonably disagree with a supervisor who overturns the employee's decision. *Id.*

The Court dismissed the plaintiffs' claims in both the *Hooven-Lewis* and *Willis* cases on the grounds that the employees' statements to their supervisors about the supervisors' wrongdoing and illegal or corrupt work practices were not protected activity. Specifically, their statements did not bring the issues to the attention of authorities in a position to correct fraudulent or illegal activity and, therefore, did not constitute protected disclosures. Likewise in the case at bar, the Plaintiffs made their complaints to their supervisors. (See Complaint, ¶¶ 3, 7). They have asserted no facts in their Complaint that state or even suggest that they elevated their complaints to a person or agency with higher authority who was in a position to correct the alleged wrongdoing. As such, they have failed to state a claim upon which relief can be granted under the federal whistle blowers statute and, therefore, their claim must be dismissed.

III. <u>Plaintiffs Claims For Personal Injuries Should Be Dismissed Because The Massachusetts Workers Compensation Act Is Plaintiffs' Exclusive Remedy</u>

The Massachusetts Workers Compensation Act (the "MWCA") provides an exclusive remedy for an employee's personal injuries resulting from the employment relationship. *Acciavatti v. Professional Services Group, Inc.*, 982 F. Supp. 69, 77 (D. Mass. 1997); M.G.L. c. 152, §§ 23, 24, 26, 28, (2000 ed.). The MWCA states:

> An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have

6

given his employer, at the time of his contract of hire, written notice that he claimed such right. . . .

G.L. c. 152, § 24; *see also Chatman v. Gentle Dental Center of Waltham*, 973 F. Supp. 228, 239 (1997). An employee's common law actions are barred by the exclusivity of the MWCA where the employee's condition "is shown to be a 'personal injury' within the meaning of the compensation act; and the injury is shown to have arisen 'out of and in the course of . . . employment.'" *Acciavatti*, 982 F. Supp. at 77 citing *Foley v. Polaroid Corp.*, 381 Mass. 545, 549 (1980). The requirement that the injury "arise from the employment" has been broadly construed. The MWCA covers claims for personal injuries stemming from negligence, and also claims for intentional torts committed in the course of the employment relationship. *Chatman*, 973 F.Supp. at 240, *citing Doe v. Purity Supreme*, 422 Mass. 563, 664 N.E.2d 815 (1996).

Both state and federal courts in Massachusetts have held that an employee's claims for infliction of emotional distress against his employer are barred under the MWCA. *Chatman*, 973 F.Supp. at 240; *French v. United Parcel Service, Inc.*, 2 F.Supp.2d 128, 132 (D.Mass. 1998); *Doe v. Purity Supreme, Inc.*, 422 Mass. at 566; *Anzalone v. Massachusetts Bay Transp. Authy.*, 403 Mass. 119, 124-125, 526 N.E.2d 246 (1988); *Foley*, 381 Mass. at 548; *Brown v. Nutter, McClennen & Fish*, 45 Mass. App. Ct. 212, 216, 696 N.E.2d 953, (1998); *Fusaro v. Blakely*, 40 Mass.App.Ct. 120, 123, 661 N.E.2d 1339 (1996); *Catalano v. First Essex Sav. Bank*, 37 Mass. App. Ct. 377, 381-382, 639 N.E.2d 1113 (1994); and *Mullen v. Ludlow Hosp. Soc.*, 32 Mass.App.Ct. 968, 592 N.E.2d 1342 (1992). Specifically, an employee's mental or emotional distress causally related to a series of specific stressful work-related incidents has been held to be a personal injury within the MWCA, thereby precluding the employee from maintaining a common law action against his employer. *Foley v. Polaroid Corp.*, 413 N.E.2d 711, 715, 381 Mass. 545 (1980), *citing Albanese's Case*, Mass. Adv. Sh. (1979), 1171, 389 N.E.2d at 84.

Moreover, persistent criticism of an employee's work during the course of his employment that has resulted in infliction of emotional distress has also been held to be a personal injury within the MWCA. *French v. United Parcel Service, Inc.*, 2 F. Supp. 2d at 132. Also included within the MWCA are injuries resulting from specific incidents involving friction with co-workers over the implementation of company policy. *Foley*, 381 Mass. at 550. "[T]he preclusive effect of the [MWCA] extends to claims for both negligent and intentional infliction of emotional distress." *Acciavatti v. Professional Services Group, Inc.*, 982 F.Supp. 69, 77 (D. Mass. 1997), *citing Clarke v. Kentucky Fried Chicken of California, Inc.*, 57 F.3d 21, 28-29 (1st Cir.1995), *and Asullak v. Gymnax Gymnastics Club, Inc.*, 1994 WL 879804, at *4 (Mass.Super. Mar. 11, 1994). *See also Doe v. Purity Supreme*, 422 Mass. at 565; *and Sarocco v. General Elec. Co.*, 879 F.Supp.156 (D.Mass. 1995). The exclusivity provision of the MWCA applies not only to injuries compensable under the MWCA, but also to an injury that is within the class of those covered by the MWCA, but where no compensation is available. *Crews v. Memorex Corp.*, 588 F.Supp. 27, 30 (D.Mass. 1984), *citing Zeigale's Case*, 325 Mass. 128, 89 N.E.2d 264, 265 (1949), and Larson, *The Law of Workmen's Compensation*, § 65.51 (1983).

In the instant cases, Plaintiffs' claims for injuries in tort, intentional and negligent infliction of emotional distress against the Defendants are barred under the MWCA because Plaintiffs' claims of injury are clearly 'personal injuries' within the meaning of the MWCA, and because Plaintiffs show the injury to have arisen out of and in the course of their employment. *Foley*, 381 Mass. at 547 (1980). First, Plaintiffs' Counts for tortious injury and intentional/negligent infliction of emotional distress are clearly personal injuries barred under the MWCA. *French*, 2 F.Supp.2d at 132; and *Chatman*, 973 F. Supp. at 240. Second, Plaintiffs clearly set forth in their Complaint they were employed by BPS during the time period each

claims to have been injured. (Complaint, ¶ 2). In addition, Plaintiffs claim that the alleged "mental and emotional distress" was caused by his Defendant, Anthony Pomella, a supervisor in the BPS Facilities Management Department. (Complaint ¶¶ 9, 21). As such, Plaintiffs' claims for tortious injury and intentional/negligent infliction of emotional distress arose "out of and in the course of" employment; and the injuries constitute a "personal injuries" within the meaning of the MWCA. *French*, 2 F.Supp.2d at 132; and *Chatman*, 973 F.Supp. at 240. Accordingly, no action for infliction of mental or emotional distress may be maintained against the Defendants, and this Court must properly dismiss these claims. *Id.*

IV.   Plaintiffs Claims For Negligent Infliction Of Emotional Distress Against Defendant, Pomella, Should Be Dismissed Because M.G.L. C. 258, §2 Precludes Negligence Actions Against Public Employees While Acting Within The Scope Of Employment

As previously set forth in Section III *supra*, Plaintiffs' claim for negligent infliction of emotional distress is one of personal injuries that involves actions taken by Defendant, Pomella, in a supervisory capacity and within the scope of his employment. Public employees cannot be held personally liable for negligence committed while acting within the scope of their employment. M.G.L. c. 258, §2. The Massachusetts Tort Claims Act specifically states that no public employee shall be liable for any injury, loss of property, or personal injury caused by his negligent or wrongful act or omission while acting within the scope of his employment. *Id.* A "public employee" is defined as an employee of a public employer, which includes school committees. M.G.L. c. 258, §1. Defendant Pomella was employed by BPS as a supervisor in Facilities Management Department, and as such, is a public employee within the meaning of the Massachusetts Tort Claims Act. Consequently, Pomella cannot be held liable for injury caused by his alleged negligence while acting within the scope of his employment with the BSC, and

9

Plaintiff's claim for negligent infliction of emotional distress against Pomella is barred by the Massachusetts Tort Claims Act. G.L. c. 258, §§1, 2.

V.  Plaintiffs Claim For Intentional Infliction Of Emotional Distress Should Be Dismissed Because This Claim Is Barred By The Doctrine Of Sovereign Immunity

As previously set forth in Section III, *supra*, Count V alleges intentional infliction of emotional distress against the Defendant, City of Boston/BPS. The doctrine of sovereign immunity holds municipalities immune from liability for the acts of public employees, and in particular, not liable for negligent or otherwise tortious acts in the conduct of its schools. *See Whitney v. City of Worcester*, 373 Mass. 208, 214, 366 N.E.2d 1210 (Mass. 1977) *and cases cited*. A municipality is protected from liability in a civil suit unless its sovereign immunity has been waived. *Bain v. City of Springfield*, 424 Mass. 758, 762, 678 N.E.2d 155 (1997) *citing Broadhurst v. Director of the Div. of Employment Sec.*, 373 Mass. 720, 722, 369 N.E.2d 1018 (1977). M.G.L. c. 258, §1 *et seq.*, waives the doctrine of sovereign immunity in certain instances. Specifically, the Massachusetts Tort Claims Act waives the sovereign immunity of public employers for injury, loss of property, personal injury, or death caused by the negligent or wrongful act or omission of its public employees while acting within the scope of their employment. M.G.L. c. 258, §2. This waiver is inapplicable to claims arising out of intentional torts, including claims for intentional infliction of emotional distress. M.G.L. c. 258, §10(c); *Consolo v. George*, 835 F.Supp. 49 (D.Mass. 1993); *Doe v. Town of Plymouth*, 825 F.Supp. 1102 (D.Mass. 1993).

Plaintiffs' claims for intentional infliction of emotional distress are for personal injuries that involve actions taken by Plaintiffs' supervisors in a supervisory capacity and within the scope of their employment during the course of Plaintiffs' employment. The doctrine of sovereign immunity specifically precludes the City of Boston/BPS, a public employer, from

liability for these allegedly intentional acts. G.L. c. 258, §10(c). Consequently, Plaintiffs' claim against the BPS for intentional infliction of emotional distress must be dismissed with prejudice because it is barred by the doctrine of sovereign immunity. Id.

VI. <u>Plaintiffs Complaint Should Be Dismissed On The Grounds That The Plaintiffs Have Elected To Arbitrate The Issues In Dispute</u>

Dismissal of the Plaintiff's Complaint is proper as the Plaintiffs themselves have elected to submit their claims relating to their termination to binding arbitration. Pursuant to Massachusetts General Law c. 150E, §8, binding arbitration shall be the "exclusive procedure" for resolving any grievance involving suspension, dismissal, removal or termination where such arbitration is elected by the employee as the method of grievance resolution. M.G.L. 150E, §8. Having elected to arbitrate issues relating to their termination, the Plaintiffs have chosen their forum for resolution and, therefore, the Plaintiffs' claims should be dismissed by this Court.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Honorable Court dismiss with prejudice all Counts of Plaintiffs' Complaint and grant such further relief deemed just and proper.

Date: Match 1, 2005

Respectfully Submitted,
Defendants,
By Their Attorney,
Merita Hopkins, Corporation Counsel

By: <u>/s/ **Alissa Ocasio**</u>
Alissa Ocasio, BBO# 645272
Assistant Corporation Counsel
Boston Public Schools
Office of Legal Advisor
26 Court Street, 7th Floor
Boston, MA 02108
(617) 635-9320

## CERTIFICATE OF SERVICE

I, Alissa Ocasio, hereby certify that a true copy of this document was served upon Attorney for Plaintiffs, James F. Champa, Esq., One McKinley Square, 6th FL, Boston, MA 02109 via electronic filing on March 1, 2005 and via U.S. mail on March 2, 2005.

/s/ Alissa Ocasio